**Vivian Wooley LEVERTON, (Plaintiff) Appellant,**

**v.**

**Herbert P. HARTSTEIN, d/b/a Highway 61 Drive-In Theatre, (Defendant) Respondent.**

**No. 31161.**

St. Louis Court of Appeals.

Missouri.

Feb. 19, 1963.

Maurice S. Karner and James C. Jennings, St. Louis, for plaintiff-appellant.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for defendant-respondent.

SAMUEL E. SEMPLE, Special Commissioner.

Plaintiff brought this action for damages for injuries received from a bullet wound. The trial resulted in a verdict for plaintiff in the sum of $4,000. The trial court sustained defendant's Motion for Judgment in Accordance with his Motions for a Directed Verdict and set aside the verdict of the jury and the judgment entered thereon, from which action plaintiff has taken this appeal.

Plaintiff, a 35-year-old woman, lived on Maple Lane in Jefferson County, Missouri.

Her house was located several hundred feet south of the defendant's drive-in theatre and apparently was obscured by trees and vegetation. A railroad track ran along the southwest side of the drive-in theatre between plaintiff's home and the theatre. Between 7:45 and 8:00 P.M. on August 8, 1957, plaintiff left the house to go to an outbuilding when she heard bullets whizzing and striking in the trees around her and heard a gunshot report. She turned and went back into her house and went into her northeast bedroom. She looked out the window to see if she could locate who was doing the shooting. While standing in front of the window plaintiff was struck in the upper left thigh by a bullet. She was subsequently taken to a hospital in Festus for treatment. A detailed statement as to the extent of her injuries and damages is not necessary in determining the questions raised on this appeal. Two employees of defendant at defendant's drive-in theatre north of plaintiff's home engaged in target shooting with pistols a few minutes before 8:00 P.M. at the time plaintiff was wounded.

Defendant Herbert P. Hartstein was the operator of the 61 Drive-In Theatre on Highway 61 near Pevely, Missouri, and was actively engaged in the management of the business. During the month of August, 1957, he had in his employ his brother-in-law Paul Radnitz and one Wayne Weis. Radnitz, while visiting defendant during the summer of 1957, worked at the theatre. He ordinarily would run the box office and at times helped in the concession stand. Sometimes he handled the money and took the receipts home when the defendant didn't come out to the theatre. There was testimony that Radnitz would direct Weis, as the projectionist, as to the order in which to run the films and when to start the show.

Wayne Weis was employed by defendant as a Union projectionist. In addition to his primary duty of running the projection machines he had other incidental duties which included repairing speakers, pulling weeds and other general maintenance work around the theatre. Sometimes he would keep the money to be used as change for the next night's performance.

Weis testified that he purchased a Smith and Wesson pistol in July, 1957, and except for one or two nights a week, he kept the gun in a compartment in the base of the projection machine in the projection booth at the theatre. That on the occasions when he kept the money for change it was also placed in the compartment in the base of the projection machine. Weis further testified that he kept the pistol at the theatre for protection, because there had been some burglaries, and previously there had been some teen-age delinquents arrested for causing a disturbance. Weis testified that he showed his pistol to defendant but there was no evidence that defendant knew Weis kept the pistol at the theatre.

There was no evidence offered in the case to show that defendant ever authorized, directly or by inference, either Weis or Radnitz to keep or use any pistols on the property in connection with their duties as employees.

On the evening of August 8, 1957, Weis brought two pistols, the Smith and Wesson and a Luger, when he reported for work. Defendant was not present that evening and had no knowledge that Weis had the pistols with him. Weis testified that after arriving at the theatre, he opened the projection room in preparation for the show and checked a few speakers. Before the box office opened he and Radnitz got to talking about a gun and he got the Luger out to show to Radnitz. Radnitz asked Weis if they might take a little target practice. The two men then shot a total of about 30 rounds at some paper cups, paper plates and tin cans they placed on a gravel bank on the theatre property. At the time they fired the shots they were standing on an elevated ramp on the theatre property and were shooting down at the targets on the gravel bank. Weis testified that he did not know there were any houses back of the theatre at that time. He further testified that neither he nor Radnitz knew of the plaintiff

being injured until some man came to the theatre after the show started and said that a woman had been shot.

The basic question presented on this appeal is whether Weis and Radnitz were acting within the course and scope of their employment for defendant at the time of the shooting. Plaintiff as appellant herein contends that a submissible case for the jury was made and that the court erred in setting aside the verdict and judgment for plaintiff and sustaining defendant's Motion for Judgment In Accordance with His Motion for a Directed Verdict. Plaintiff's theory is that at the time of the shooting Weis and Radnitz were both on the job and that both employees were engaged in performing an act fairly incidental to their employment so as to render defendant liable.

"The principle of respondeat superior applies only when what is complained of was done in the course of the employment. The principal is responsible, not because the servant has acted in his name or under color of his employment, but because the servant was actually engaged in and about his business, and carrying out his purposes. He is then responsible, because the thing complained of, although done through the agency of another, was done by himself; and it matters not in such cases whether the injury with which it is sought to charge him is the result of negligence, unskillful or of wrongful conduct, for he must choose fit agents for the transaction of his business." Haehl v. Wabash Railway Co., 119 Mo. 325, 24 S.W. 737, 740; Bova v. St. Louis Public Service Co., Mo.App., 316 S.W.2d 140, 143.

■ The mere fact that a servant is in the general employ of his master at the time of the injurious occurrence does not make the master liable for the acts of the servant. The test is whether the servant at the time of the action in question was engaged in the performance of the master's business concerning which he was employed. Blind v. Saks Fifth Avenue, Inc., Mo.App., 349 S.W.2d 425, 431.

■ If a servant is not engaged in the master's business nor is concerned about it, but impelled by motives of his own, engages in an act which results in injury to a third person which has no tendency to promote the master's business for which the servant was employed, then the master is not answerable for the acts of his servant. Bova v. St. Louis Public Service Co., supra; Milazzo v. Kansas City Gas Co., Mo., 180 S.W.2d 1, 3; Porter v. Thompson, 357 Mo. 31, 206 S.W.2d 509.

In the present case, if, from a most favorable view of the whole evidence, giving plaintiff the benefit of every reasonable inference in her favor, it appears that the acts of target shooting by defendant's employees, Weis and Radnitz, and the purposes for which said acts were performed had no connection with the duties of said employees to defendant, and that the target shooting was not intended or done to accomplish or promote defendant's business intrusted to said employees, but was the independent business or affair of the employees, then the defendant is not liable and plaintiff has failed to make a submissible case for the jury.

■ Applying these rules to the evidence presented in the case it is clear that neither Weis nor Radnitz were required to do any target shooting in the course of their employment. Weis was employed to run the projection machine at the theatre and to do repair and maintenance work on the speakers and generally around the premises and occasionally be responsible for the money used as change. Radnitz ran the box office and sold tickets. He sometimes helped out at the concession stand and on occasions was responsible for the money when defendant did not come to the theatre. The evidence was clear that defendant did not direct or in any way authorize either Weis or Radnitz to keep a gun or guns or to do any shooting on theatre premises and was not even aware that any guns were kept at the theatre. The circumstances that Weis occasionally kept the

money used for change, that there had been previous burglaries and trouble with teen-age delinquents and that he kept a pistol at the theatre for protection, does not, when considered with all the other evidence in the case, raise an inference that the act of shooting at targets at the theatre was in-cidental to, or a part of his duties. There was no evidence whatsoever that Radnitz ever kept or possessed a gun at the theatre or that he was required to keep a gun for protection, or for any other reason, as a part of his duties. There was no evidence or any inference from any of the testimony in this case that Weis and Radnitz in firing the pistols were in any way protecting the property of defendant or themselves as de-fendant's employees.

Plaintiff cites the cases of Blind v. Saks Fifth Avenue, Inc., supra; Bova v. St. Louis Public Service Co., supra; and Hub-bard v. Lock Joint Pipe Co., D.C., 70 F. Supp. 589, but in each of those cases an is-sue of fact was presented to the effect that, at the very time of the injurious occur-rence, the employee was performing or at-tempting to perform some act in the fur-therance of his master's business and the act complained of was performed in and intended to accomplish or promote to some appreciable extent the particular business of the master intrusted to the servant. The cases of Arnold v. Wigdor Furniture Com-pany, Mo., 281 S.W.2d 789, and Daniels v. Krey Packing Company, Mo., 346 S.W.2d 78, cited by plaintiff do not deal with situ-ations involving the principle of respondeat superior and are not in point.

What was the purpose of Weis and Rad-nitz in target shooting at the theatre? The only evidence which throws any light on this question was the testimony of Weis who testified on direct examination as fol-lows:

"As I recall, Mr. Radnitz and I got to talking about the gun that I had and I had brought the Luger down to show it to him and he asked me if we might take a little target practice and I said,

'Well, I guess so.' I don't remember the exact words—anyway, we wound up taking target practice. I don't re-member who asked who, or how it came about, but I do know we set up some targets against the gravel bank and took a few shots at the targets."

Weiss further testified on cross-examina-tion as follows:

"I brought them down (referring to the pistols), and I really don't know who said what. All I can remember is that he saw the guns, and I am pretty sure he said, 'Let's try them.'"

Weis was the only witness offered who was present and had personal knowledge of the circumstances surrounding the acts of Weis and Radnitz in target shooting. This obviously was not evidence from which it could be inferred that Weis or Radnitz at the time of the target shooting were en-deavoring to accomplish any of the work defendant had intrusted to them, but to the contrary, shows a purpose to use the weap-ons for target practice solely for their own personal amusement and pleasure.

The evidence is wholly insufficient to show that Weis and Radnitz were acting within the course of their employment and within the scope of their authority when they undertook to do some target shooting at defendant's theatre. Porter v. Thomp-son, supra; Milazzo v. Kansas City Gas Company, supra; Rodgers v. Tobias (Tex. Civ.App.) 225 S.W. 804, 805; American Railway Express Company v. Davis, 152 Ark. 258, 238 S.W. 50. The evidence, as a matter of law, shows a departure·from the master's business for the sole purpose of the employees' own pursuits. It is, there-fore, concluded that the plaintiff failed to make a case for the jury and the trial court properly set aside the verdict and judgment for plaintiff and entered judgment for de-fendant.

It is recommended that the judgment of the trial court entered for the defendant be affirmed.

**64**

PER CURIAM.

The foregoing opinion by SAMUEL E. SEMPLE, Special Commissioner, is adopted as the opinion of the court.

The judgment of the trial court is accordingly affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.